UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 19-10278-RWZ

UNITED STATES OF AMERICA

v.

JASON JIMENEZ

ORDER

January 13, 2020

ZOBEL, S.D.J.

Defendant Jason Jimenez moves to compel limited access to his iPhone, which the government seized pursuant to a search warrant. He seeks to extract a video he took during the roadside stop that led to his arrest. In the alternative, defendant proposes turning the phone over to a neutral third-party vendor to remove the relevant video file. In opposition the government also moves to compel defendant to disclose his passcode to the phone, which the government needs in order to access to the contents of the phone. Admitting that forced disclosure of his passcode would violate the Fifth Amendment, the government proposes the court instead compel defendant to open his phone before turning it over to law enforcement officers.

The parties cannot agree on a method for accessing the video file that balances the government's right to execute its search warrant for the entire phone with the defendant's Fifth Amendment right to conceal his passcode. Whether the defendant is

forced to reveal his passcode or unlock the phone in the presence of law enforcement does not impact the analysis; both situations would force defendant to "disclose the contents of his own mind" and accordingly are testimonial acts violating the Fifth Amendment. Curcio v. United States, 354 U.S. 118, 128 (1957); see, e.g., United States v. Warrant, No. 19-MJ-71283-VKD-1, 2019 WL 4047615, at *2 (N.D. Cal. Aug. 26, 2019) ("The Court finds no meaningful distinction between unlocking a device with a password and unlocking a device with a biometric feature."). The government's motion (Docket # 37) is therefore DENIED. By the same token, the court declines to force the government to jeopardize its warrant execution protocol by accommodating a neutral third-party review or artificially limiting its evaluation of the contents of the phone once unlocked. Accordingly, defendant's motion (Docket # 34) is also DENIED. The court will decide defendant's motion to suppress (Docket # 35) based on the evidence presented during the January 8, 2020 evidentiary hearing.

SO ORDERED.

  January 13, 2020                                      /s/ Rya W. Zobel
           DATE                                          RYA W. ZOBEL
                                                  SENIOR UNITED STATES DISTRICT JUDGE