UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10278-RWZ

UNITED STATES OF AMERICA

v.

JASON JIMENEZ

ORDER

July 15, 2020

Zobel, S.D.J.

On May 22, 2020, the court allowed defendant, Jason Jimenez's, motion to suppress the fruits of unlawful searches that took place after his car was stopped by members of a joint federal and state task force. The government moves for reconsideration or clarification of the court's order.

**I.   Legal Standard**

"Motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  The error must be not one of reasoning, but of apprehension.  Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008).

### II.     Discussion

### a. The Motor Vehicle Exception

Under the motor vehicle exception to the Fourth Amendment's warrant requirement, see <u>United States v. Ross</u>, 456 U.S. 798, 809 (1982), the government now asks the court to forgo suppressing the defendant's phones because they were in his car and, it argues, there was probable cause for issuance of a warrant for those phones. This argument was just barely raised in a footnote of the government's original opposition to suppression, Opp'n by USA 14 n.3, ECF No. 37; nevertheless, upon reconsideration, this exception eliminates the phones from the suppression order.

The police may search an automobile without a warrant when they have probable cause to believe contraband *or* evidence is contained therein.  <u>California v. Acevedo</u>, 500 U.S. 565, 580 (1991) (emphasis added); <u>see also</u>  <u>U.S. v. Verdugo</u>, 617 F.3d 565, 573 (1st Cir. 2010), cert. denied, 131 S. Ct. 546 (2010).  The officers here had probable cause that a crime had occurred based on their observations prior to the stop and defendant's false and changing explanations for his meaningless ride to nowhere. Phones can be evidence of a drug transaction, <u>see</u> <u>id.</u> at 573, and SSA Cacace knew that drug dealers often carry multiple phones to conduct business. The officers, therefore, could have seized the phones absent the ultimately unconstitutional searches of Mr. Jimenez.  This brings the phones outside the chain of causation set in motion by those searches.

### b. Inevitable Discovery

The finding of probable cause above, however, does not alter the court's decision that the fruits of the officer's unconstitutional searches remain suppressed.  The police,

with no evidence or even suggestion of the presence of any weapons, repeatedly searched around and in the defendant's underpants. The second and third searches were not pat frisks under Terry v. Ohio, 392 U.S. 1 (1968).

The government tries to sidestep their conduct by arguing inevitable discovery. Under that doctrine, the government had to prove that the officers' arrest was truly independent of the illegal search, United States v. Scott, 270 F.3d 30, 42 (1st Cir. 2001), which is determined by a two-pronged test, United States v. Almeida, 434 F.3d 25, 28 (D. Mass 2006). The test requires: "(1) that the police, in fact, would have arrested the defendant, even without first having discovered the challenged evidence, and (2) in the absence of the challenged evidence, that the officers nevertheless had probable cause to make the arrest. . . ." Id. The government failed to prove the first prong. The fact that the officers had probable cause a crime had occurred does not change this finding. Nor does the seizure of the phones, which the government only accessed after months of trying and which therefore could not have assisted the officers' efforts that day.

### c. Newly Discovered Evidence

As noted above, the recently recovered recording from defendant's phone does not change any of the above analysis.

### d. Cash

Finally, the government argues the court should exclude cash found on Mr. Jimenez because it was seized during FBI Supervisory Special Agent ("SSA") Gary Cacace's purportedly legal search(es) of the defendant. The government bears the burden of showing by a preponderance of the evidence that the warrantless search did

not violate the Fourth Amendment.  See United States v. Jones, 609 F. Supp. 2d 113, 124 (D. Mass. 2009).  The sequence and timing of the three officers' searches, however, was extremely muddled.  Indeed, Detective Gonzalez did not remember SSA Cacace searching the defendant at all.  Because of this confusion, the government only carried its constitutional burden with respect to Detective Gonzalez's first permissible pat frisk, from which no cash was recovered.  It has not done so with respect to SSA Cacace's searches.  Therefore, the cash is rightfully suppressed.

### e) Conclusion

The motion to reconsider (Docket # 57) is ALLOWED in part and DENIED in part.  It is allowed with respect to defendant's phones which are thereby not suppressed.  The motion is denied in all other respects.


    July 15, 2020                                                            /s/ Rya W. Zobel
               DATE                                                              RYA W. ZOBEL
                                                                                     UNITED STATES DISTRICT JUDGE