UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASON JIMENEZ,<br><br>Defendant | Criminal No. 19-cr-10278<br><br>Violations:<br><br>Count One: False Declaration Before Court<br>(18 U.S.C. § 1623(a))<br><br>Count Two: Unlawful Use of a<br>Communications Facility<br>(21 U.S.C. § 843(b))<br><br>Forfeiture Allegation:<br>(21 U.S.C. § 853) |

SUPERSEDING INDICTMENT

COUNT ONE
False Declaration Before Court
(18 U.S.C. § 1623(a))

The Grand Jury charges:

On or about November 26, 2019, in the District of Massachusetts, and elsewhere, the defendant,

JASON JIMENEZ,

did, in a declaration, certificate, verification, and statement under the penalty of perjury as permitted under section 1746 of title 28, United States Code, in a proceeding before and ancillary to a court of the United States, that is: the United States District Court for the District of Massachusetts, knowingly make a false material declaration, that is, the defendant JASON JIMENEZ, in an affidavit, knowingly declared that on July 10, 2019, in reference to an interaction with Detective Radames Gonzalez of the Lawrence Police Department and

1

Supervisory Special Agent Gary Cacace of the Federal Bureau of Investigation: "[a]t no time during this interaction with Gonzalez and Cacace, from the moment they pulled in front of my vehicle to the moment Gonzalez placed me in handcuffs, did either one of them read me my *Miranda* rights."

All in violation of Title 18, United States Code, Section 1623(a).

## COUNT TWO
### Use of a Communication Facility to Commit a Felony under the Controlled Substances Act
### (21 U.S.C. § 843(b))

The Grand Jury further charges:

On or about July 10, 2019, in the District of Massachusetts, the defendant,

### JASON JIMENEZ,

knowingly and intentionally used a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of an act and acts constituting a felony under Title 21, United States Code, Section 846, that is, conspiracy to distribute a controlled substance.

All in violation of Title 21, United States Code, Section 843(b).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1.  Upon conviction of the offense in violation of Title 21, United States Code, Section 843(b), set forth in Count Two of this Superseding Indictment, the defendant,

JASON JIMENEZ,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following asset:

   a. $2,677 in United States currency.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

EVAN D. PANICH
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: AUGUST 13, 2020
Returned into the District Court by the Grand Jurors and filed.

Thomas F. Quinn  8/13/20 @ 3:30pm.
DEPUTY CLERK