UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10278-RWZ

UNITED STATES OF AMERICA

v.

JASON JIMENEZ

ORDER

October 29, 2020

Zobel, S.D.J.

Jason Jimenez was charged with one count of possession with intent to distribute over 40 grams of fentanyl, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi). He moved to suppress fruits of an unconstitutional search as well as statements he claimed he made without being advised of his Miranda rights. The court suppressed alleged drugs and cash found during the unconstitutional search, but not his statements. Upon reconsideration, it allowed into evidence the two cell phones found in Mr. Jimenez's vehicle.

After the suppression order, the government obtained a superseding indictment that charges defendant with making a false declaration before the court, 18 U.S.C. § 1623(a) (Count I), and unlawful use of a communications facility in furtherance of a felony under the Controlled Substances Act, 21 U.S.C. § 843(b) (Count II). In response, defendant has filed a Motion for Bill of Particulars and a Motion to Compel. (Docket ## 80 and 79).

1

Count Two of the superseding indictment charges that "[o]n or about July 10, 2019, in the District of Massachusetts, the defendant, Jason Jimenez, knowingly and intentionally used a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of . . . conspiracy to distribute a controlled substance." By his motion for particulars the defendant, in turn, requests the text messages, emails, telephone numbers, and any and all contents from the iPhone and LG phone recovered from him that are alleged to have caused and facilitated the commission of the conspiracy.

A bill of particulars is intended "to provide the defendant with necessary details of the charges against him in order to [enable him to] prepare his defense, to avoid surprise at trial, and to protect against double jeopardy. United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992). In determining the need for such a bill, the court may consider the complexity of the crime charged and the degree of discovery or other sources of information available to the defendants. See, e.g., United States v. Sorich, 427 F. Supp. 2d 820, 837 (N.D. Ill. 2006), aff'd, 523 F.3d 702 (7th Cir. 2008); United States v. Chalmers, 410 F. Supp. 2d 278, 283 (S.D.N.Y. 2006); United States v. Walker, 922 F. Supp. 732, 738 (N.D.N.Y. 1996). The government advises that it has provided the defendant with reports on the contents of both phones. The iPhone contained more than a thousand call records and messages in the approximate month leading up to the defendant's arrest. Coupled with the vagueness of the superseding indictment, this volume of communications could obfuscate the specific criminal conduct against which Mr. Jimenez must defend, prevent him from reasonably preparing his case, and lead to surprise at trial. The government, however, asserts that it will not use the iPhone in its

prosecution. Instead, it will rely on the records of the LG phone that contain only 58 phone calls to and from the same person and a dozen or so text messages. This sufficiently narrows the scope of discovery to enable defendant to prepare his case. The Motion for Bill of Particulars is denied. If the government intends to use the iPhone, it shall notify defendant and the court.

The defendant also moves to compel information from the grand jury proceedings that returned the superseding indictment. He suggests that the government may have violated the suppression order in the grand jury proceedings and contemplates a motion to dismiss for vindictive prosecution because the government returned the superseding indictment after his successful motion to suppress. "Courts should refuse to disclose grand jury materials and reject an invitation to conduct an *in camera* review of matters occurring before the grand jury unless there is a very clear and positive showing of a need for the grand jury material." United States v. Luthra, No. 15-CR-30032-MGM, 2018 WL 283892, at *3 (D. Mass. Jan. 3, 2018) (quoting United States v. Bravo-Fernández, 239 F. Supp. 3d 411, 415 (D.P.R. 2017)). No such showing has been made here. Although it could no longer use the suppressed drugs and money, the government could still present to the grand jury the defendant's phones, which apparently contained relevant evidence. In the absence of "clear evidence to the contrary," the court presumes that prosecutors have properly discharged their official duties. See United States. v. Armstrong, 517 U.S. 456, 464 (1996) (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15 (1926)). There is thus insufficient basis to assume the government acted improperly.

Further, a potential motion to dismiss for vindictive prosecution does not establish a clear and positive need for the grand jury material. The superseding indictment is a result of the government's zealousness. But its doggedness is not, without more, vindictive.

The Motion for a Bill of Particulars (Docket # 80) and the Motion to Compel (Docket # 79) are DENIED. The former is denied without prejudice to renewal should the government plan to use the iPhone's contents in its prosecution.

October 29, 2020
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE