UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JASON JIMENEZ<br><br>Defendant | Crim. No. 19-10278-RWZ |

## GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS

"The Constitution imposes on the President the duty to 'take Care that the Laws be faithfully executed.'  One of the duties of the Executive Branch, and a vitally important one, is that of apprehending and obtaining the conviction of those who have violated criminal statutes of the United States." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 863 (1982) (quoting U.S. Const., Art. II, § 3).  To that end, the government's motives in pursuing the charges in the superseding indictment have nothing to do with retaliation and everything to do with ensuring that the government discharges this constitutional obligation to enforce the "criminal statutes of the United States." *Id.*  The government contends that Jimenez violated those laws and simply seeks to hold him accountable for doing so, consistent with its constitutional charge.

Here, the defendant, Jason Jimenez, committed crimes before and after his arrest – crimes which the government contends it can prove beyond a reasonable doubt, irrespective of the Court's suppression order.  As the government said in its Opposition to the Motion to Compel, ECF No. 82 at 1, there is no doubt that Jimenez was caught with a substantial amount of fentanyl on his person and subsequently admitted his conduct to law enforcement officers.  Again, although the post-arrest admission and the fentanyl that officers recovered will be inadmissible at

trial, the reasons to hold Jimenez accountable for his criminal conduct persist.  The government expects to vindicate that goal by, at trial, presenting communications recovered from Jimenez's phone that form the basis of the government's charge under 21 U.S.C. § 843(b). In addition, there is no doubt that Jimenez's affidavit in support of his motion to suppress was false.  And, the government contends that the falsity of this affidavit was knowing and material.  The government has established probable cause that the offenses outlined in Counts One and Two of the superseding indictment were committed.  The charges that the government sought as part of the superseding indictment are not evidence of retaliatory or vindictive conduct.  Instead, as this Court observed, they are evidence of the government's zealousness, and "doggedness, without more, is not vindictive."  ECF No. 85 at 4.

Jimenez's motion fails to offer that something "more."  In essence, Jimenez makes a bald assertion that the superseding indictment was retaliatory, mischaracterizes counsel's plea negotiations, and points to the purported weakness of the available evidence against him as support for this proposition.  *See generally* ECF No. 86 (motion to dismiss).  But what Jimenez's motion does not do is address any of the objective indicia of vindictiveness that the government addressed in its opposition to Jimenez's motion to compel.  *See* ECF No. 82 at 6-9.  These indicia conclusively undercut Jimenez's claim of vindictiveness.  In addition, Jimenez's evidentiary arguments are not appropriate for consideration on a motion to dismiss, and in any event, mischaracterize the strength of the government's case.  For these reasons, the Court should deny Jimenez's motion to dismiss without an evidentiary hearing.

**ARGUMENT**

**I.     CHALLENGES TO INDICTMENTS ON THE BASIS OF VINDICTIVE PROSECUTION FACE AN EXTRAORDINARILY HIGH BAR.**

A prosecutor's decision to indict is "'presumed legitimate.'" *United States v. Dwyer*, 287 F. Supp. 2d 82, 86 (D. Mass. 2003) (quoting *United States v. Sanders,* 211 F.3d 711, 716 (2nd Cir. 2000)).  Consequently, "courts presume that [prosecutors] have properly discharged their official duties." *United States. v. Armstrong,* 517 U.S. 456, 465 (1996) (internal quotation marks omitted).  Consequently, a defendant seeking a finding of vindictive prosecution must show either "actual vindictiveness or a sufficient likelihood of vindictiveness to warrant such a presumption." *United States v. Lanoue*, 137 F.3d 656, 664 (1st Cir. 1998) (citing *United States. v. Marrapese*, 826 F.2d 145, 147 (1st Cir. 1987)).  Only if the defendant creates a presumption of vindictiveness does the government need to show legitimate reasons that exist for the prosecution. *Id.* (citing *United States v. Goodwin*, 457 U.S. 368, 373 (1982)).

Compounding the high bar that Jimenez faces is the fact that pretrial dismissals based upon claims of vindictive prosecution are highly disfavored.  "[T]he presumption of prosecutorial vindictiveness generally does not arise in the pretrial setting." *United States v. Koh*, 199 F.3d 632, 639 (2d Cir. 1999); *see also Goodwin*, 457 U.S. at 381 (explaining that "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision"); *United States v. Wilson*, 262 F.3d 305, 315 (4th Cir. 2001) (noting that "the presumption of prosecutorial vindictiveness . . . will rarely, if ever, be applied to prosecutors' pretrial decisions."); *Dwyer*, 287 F. Supp. 2d at 88 (observing that "it may be unusual for a court to find a presumption of prosecutorial vindictiveness prior to trial.").  As discussed further below, Jimenez cannot establish a presumption of vindictiveness,

but even if he could, the government had legitimate reasons for seeking the superseding

indictment.

## II.     THE AVAILABLE EVIDENCE UNDERCUTS JIMENEZ'S CLAIMS OF THE GOVERNMENT'S VINDICTIVE INTENT.

In assessing the presence of vindictiveness, courts look to a variety of factors, all of

which favor the government.[1]   For example, "[w]here the change in the indictment is prompted

by newly discovered evidence supporting the imposition of additional counts . . . a presumption

of vindictiveness is not warranted."  *Lanoue*, 137 F.3d at 665 (quoting *United States v. Fiel*, 35

F.3d 997, 1008 (4th Cir. 1994)) (internal quotation marks omitted); *see also United States v.

Punelli*, 892 F.2d 1364, 1372 (8th Cir. 1990) ("[T]here can be no prosecutorial vindictiveness if

the prosecutor revised the charge because of newly discovered evidence[.]); *United States v.

Phillips*, 664 F.2d 971, 1021 (5th Cir. 1981) ("In this case the prosecutor rebutted that prima

facie case by establishing that the basis for the superseding indictment was newly discovered

evidence, not prosecutorial vindictiveness for Myers' assertion of his rights.").  Here, the

government's False Declaration charge (Count One of the superseding indictment) was not

available at the time the government sought the initial indictment, because, when the government

first charged this case, Jimenez had not yet lied to this Court.  Accordingly, the timing of this

charge was not retaliatory, but instead was a function of when the evidence supporting this

charge became available to the government.

Although the same cannot be said about the timing of Count Two, Unlawful Use of a

Communications Facility, the government's objective reasons for charging this offense in the

superseding indictment were not vindictive.  The First Circuit has recognized that a prosecutor's

---

[1] The government addressed these factors in opposing Jimenez's motion to compel.  For ease of reference, however, the government repeats these arguments here.

decision to charge the more "simple to prove" offense as opposed to one that is "more factually complex" is one that is objectively reasonable and not grounded in inappropriate animus. *Lanoue*, 137 F.3d at 666.  Initially, the government chose to charge Possession with Intent to Distribute Over 40 Grams of Fentanyl.  *See* ECF No. 10 (indictment).  This charge is far less factually complex than Unlawful Use of a Communications Facility, which requires proof of an underlying felony under the Controlled Substances Act as well as communications, using a "communications facility," in furtherance of that offense.  *See* 21 U.S.C. § 843(b).  The government clearly only resorted to the section 843(b) charge because, once the Court suppressed the drugs that officers retrieved from Jimenez, the government could not prevail on the possession with intent to distribute charge.  This substitution of offenses simply provided the government with an avenue to a conviction on a drug offense and was not grounded in a desire to punish Jimenez for succeeding in persuading the Court to suppress the drugs.

That the pending charges are less severe than the charge in the original indictment further demonstrates that the superseding indictment was not vindictive.  The "doctrine of vindictive prosecution does not apply when 'there has been no increase in the severity of the charge or the sentence imposed.'"  *United States v. Aespuro*, 938 F. Supp. 623, 627 (E.D. Cal. 1996) (quoting *United States v. Kinsey*, 994 F.2d 699, 701 (9th Cir. 1993)); *compare United States v. French*, No. 12-cr-00160, 2015 WL 745556, at *8 (D. Me. Nov. 23, 2015) (in reciting facts "undercut [the defendant's] vindictive prosecution claim," noting that "[t]his is not a case where the Government enhanced the penalties . . . it is a case where the Government maintained the same penalties originally charged") *with United States v. Tobin*, 598 F. Supp. 2d 125, 129 (D. Me. 2009) ("courts view skeptically the government's decision to file more severe charges following a defendant's successful appeal of his conviction").  In this case, the original charge of

Possession with Intent to Distribute Over 40 Grams of Fentanyl carried a mandatory *minimum* sentence of five years imprisonment and a maximum sentence of 20 years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B)(vi).  The charges in the superseding indictment contain statutory *maximum* sentences of five and four years, respectively.  *See* 18 U.S.C. § 1623(a); 21 U.S.C. § 843(b).  In other words, a conviction under the superseding indictment would almost certainly result in a sentence to a term of imprisonment (if any) less than what Jimenez otherwise would have received had a jury convicted him under the original indictment.  Moreover, the government could have sought a superseding indictment charging Jimenez with Conspiracy to Violate the Controlled Substances Act under 21 U.S.C. § 846, which would have rendered a maximum sentence of 20 years imprisonment.  It didn't.  Such facts undercut – rather than support – a finding of vindictive prosecution.

Finally, in an apparent attempt to ascribe animus to the government, Jimenez makes misleading characterizations of discussions between government counsel and counsel for Jimenez that preceded the grand jury's issuance of a superseding indictment.  Without going into detail here, which would be inappropriate before the District Court, the government disputes the defendant's account of the plea negotiations.

As the government pointed out in opposing Jimenez's motion to compel, Jimenez's arguments are extreme.  They beg the Court to reach one or both of the following conclusions: (1) in any case in which the Court suppresses evidence, the government must immediately concede defeat by dismissing all charges; and (2) lying to federal courts is acceptable and it is wrong for the government to attempt to hold defendants accountable for such conduct.  The Court should reject both arguments.

III.    **JIMENEZ'S FACTUAL ARGUMENTS ARE QUESTIONS FOR THE JURY.**

The Court should decline Jimenez's apparent invitation to convert the motion to dismiss into a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29.  As an initial matter, it is unnecessary for the Court to weigh evidence at the motion to dismiss stage. *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014) ("The indictment's allegations are assumed to be true, and 'courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations.'") (quoting *United States v. Guerrier*, 669 F.3d 1, 3–4 (1st Cir. 2011)).  In addition, Jimenez has cited no case in which a court dismissed an indictment by concluding that an apparent weakness of evidence in support of an indictment evinces vindictiveness.  Even were Jimenez able to connect the purported weakness of charges with vindictiveness, however, dismissal would not be warranted here, because the government's case is not weak.

A.    Jimenez's Mental State Is In Dispute, Where The Government Contends He Acted Knowingly.

Jimenez cannot escape a trial on Count One based upon a self-serving assertion that his falsification of his affidavit was unintentional.  "Existence of intent 'is a question of fact which must be submitted to the jury.'"  *United States v. Sturm*, 870 F.2d 769, 777 (1st Cir. 1989) (quoting *Morissette v. United States,* 342 U.S. 246, 274 (1952)).  In this case, Jimenez's affidavit shows a remarkably detailed account of the date of his arrest.  *See generally* ECF No. 36-1. Jimenez's assertion that he simply failed to remember the *Miranda* warnings is therefore specious.  In any event, Jimenez's intent is ultimately a question for the jury, and one on which the government intends to prevail at trial.  The indictment's allegation that Jimenez acted knowingly is sufficient to proceed to trial.  *See United States v. Troy*, 618 F.3d 27, 34 (1st Cir.

2010).  ("Viewed in its entirety, an indictment is sufficient if it describes all of the elements of the charged offense using the words of the relevant criminal statute.").

   B.   The Government Can Establish Materiality.

   That the Court did not consider Jimenez's false affidavit in ruling upon his motion to suppress is legally irrelevant.  The government need not establish the Court's reliance on a false statement in order to establish materiality; instead, what matters is whether the false statement was *capable of* influencing the decision-maker to whom the statement was addressed.  *United States v. Pagan-Santini*, 451 F.3d 258, 266 (1st Cir. 2006) (quoting *United States v. Finucan*, 708 F.2d 838, 848 (1st Cir. 1983) (considering whether testimony "capable of influencing the tribunal")).  In addition, materiality "is evaluated at the time the statement is made.  Materiality does not depend on the ultimate decision reached by the body to which the false statement is addressed."  *United States v. Burge*, 711 F.3d 803, 812 (7th Cir. 2013) (citation omitted); *see also United States v. Lee*, 359 F.3d 412, 416 (6th Cir. 2004) ("Nor is it required that the government prove that the perjured testimony actually influenced the relevant decision-making body.").  In short, "the test for materiality is a broad one."  *United States v. Scivola*, 766 F.2d 37, 44 (1st Cir. 1985).

   At the time Jimenez submitted the false affidavit, he was ostensibly hoping that his assertion of not having received his *Miranda* warnings would result in an evidentiary hearing on that issue.  Indeed, the statement was capable of generating a factual dispute on that issue.  *See United States v. Staula*, 80 F.3d 596, 603 (1st Cir. 1996) ("A hearing [on a motion to suppress] is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record.").  After all, Jimenez ultimately obtained an evidentiary hearing on the issue of whether he received *Miranda* warnings.  Accordingly, Jimenez's false statement was capable of influencing the Court.

Even if the Court did not or would not have considered Jimenez's affidavit in either ruling upon his suppression motion or determining whether an evidentiary hearing was necessary, it was still capable of influencing the decision-maker to whom the statement was addressed. *See Pagan-Santini*, 451 F.3d at 266.  To be material, a false statement "need not actually influence" the Court. *United States v. Silveira*, 426 F.3d 514, 518 (1st Cir. 2005) (affirming conviction under section 1623).  Here, Jimenez's false statement was central to the question of whether his pre-arrest statements to law enforcement would be suppressed.  Under these circumstances, it does not get much more material than that.

    C.    <u>The Government Does Not Need To Present Suppressed Evidence To Prevail On Count Two.</u>

The government does not need to introduce physical evidence of narcotics to prevail on a controlled substances offense.  Courts routinely affirm convictions where the government has not established which controlled substance a defendant agreed to possess or distribute, as long as the government can established that the agreement involved any controlled substance. *See United States v. Martinez-Lantigua*, 857 F.3d 453, 456 (1st Cir. 2017) ("For conspiracies such as the one Martínez was convicted for, the government 'need only prove that the defendant had knowledge that he was dealing with a controlled substance, not that he had knowledge of the specific controlled substance.") (citations and internal quotation marks omitted); *United States v. Azubike*, 564 F.3d 59, 65 (1st Cir. 2009) (explaining that where "the modus operandi of the crime was the same as that of drug transactions sadly common in this geographic area," this "support[ed] the jury's conclusion that defendant knew he was transporting drugs").

The Court has already heard evidence that the "modus operandi of the crime" was familiar to local law enforcement.  At the suppression hearing, Det. Radames Gonzalez testified as to the various things he observed that were consistent with a drug transaction. *See, e.g.*,

Transcript of Suppression Hearing, 20:24-21:1 (testifying that based upon what he observed, "I believe[d] that there was a drug transaction that had taken place within that – the vehicle.""); *see also* ECF No. 58 at 2-7 (describing Det. Gonzalez's various relevant observations).  In addition, the government has recovered various communications from Jimenez's LG Aristo smartphone that the government contends support Count Two, and it is these communications that form the basis of the offense.  *See* 21 U.S.C. § 843(b) (making unlawful the use of a communications facility in furtherance of a controlled substances offense).  This is sufficient even under a Rule 29 standard which, again, is not the appropriate standard here.

The Court should reject Jimenez's invitation to usurp the jury's role in determining whether Jimenez is guilty of the charged offenses.  And certainly, given the available evidence, it cannot be said that the purported "implausibility," *cf.* ECF No. 86 at 5, of a conviction somehow demonstrates vindictiveness.  It does not, and the Court should deny the motion to dismiss as a result.

## IV.   BECAUSE THERE IS NO PRESUMPTION OF VINDICTIVENESS, THE COURT NEED NOT HOLD A HEARING TO MAKE FACTUAL FINDINGS AS TO THE GOVERNMENT'S MOTIVES.

A criminal defendant has no "absolute or presumptive right" to a hearing on a motion. *United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir. 1990) (citing cases).  Recognizing that "district courts are busy places and makework hearings are to be avoided," the First Circuit requires that the defendant make a substantive showing that material facts are in dispute or doubt.  *Id.* (citations omitted).  Evidentiary hearings in criminal cases are "the exception, not the rule."  *United States v. Alicea*, 205 F.3d 480, 487 (1st Cir. 2000).

Here, for the reasons discussed above, Jimenez has failed to establish a presumption of vindictiveness, and even if Jimenez could establish such a presumption, the government has rebutted such a presumption by showing "objective evidence justifying the prosecutor's action."

*Goodwin*, 457 U.S. at 376 n.8.  In particular, the government has established probable cause (and more) in support of the superseding indictment.  *See Bordenkircher*, 434 U.S. at 364 ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").  In addition, the objective facts show that the government was not motivated by vindictiveness.  Under such circumstances, an evidentiary hearing is not necessary.  *See United States v. Gibson*, No. 15-10323-IT, 2016 WL 11189802, at *6 (D. Mass. Aug. 11, 2016) (concluding that evidentiary hearing was unnecessary where the defendant failed to establish a presumption of vindictiveness, or in the alternative, the government rebutted such presumption).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Jimenez's motion to dismiss.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

Dated:  November 13, 2020

/s/ Evan D. Panich
Evan D. Panich, BBO #681730
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3652
evan.panich@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ Evan D. Panich
Evan D. Panich
Assistant United States Attorney

Date: November 13, 2020