UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10278-RWZ

UNITED STATES OF AMERICA

v.

JASON JIMENEZ

ORDER

December 8, 2020

Zobel, S.D.J.

Jason Jimenez was charged with one count of possession with intent to distribute over 40 grams of fentanyl, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi). On his motion, the court suppressed alleged drugs and cash found in an unconstitutional search. After the suppression order, the government obtained a superseding indictment that charges defendant with making a false declaration before the court, 18 U.S.C. § 1623(a) (Count I), and unlawful use of a communications facility in furtherance of a felony under the Controlled Substances Act, 21 U.S.C. § 843(b) (Count II). The former concerns an affidavit signed by the defendant in support of his motion to suppress that was subsequently contradicted by testimony at the suppression hearing. The latter involves, at least in part, the same underlying conduct as the original indictment. Defendant now moves to dismiss.

Defendant's first basis for dismissal is vindictive prosecution because the government filed the superseding indictment after his successful suppression motion.

1

The government's behavior is not vindictive. After a setback such as the suppression order, it is entitled to reconsider its case and pursue different charges. Persistence is not per se vindictive.

Defendant next argues that the government cannot prove Count I of the indictment for making a false declaration before the court. He points to the defense that "the defendant at the time he made each declaration believed the declaration was true." 18 U.S.C. § 1623(c)(2). Parties can raise a defense in a pretrial motion if the defense can be determined "without a trial on the merits." Fed. R. Civ. P. 12(b)(2). But "a court must deny a motion to dismiss if the motion relies on disputed facts." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018). Defendant's state of mind is precisely the kind of factual question that should be decided at trial.

Similarly, the fact that the court did not admit Mr. Jimenez's affidavit into evidence at the suppression hearing does not compel dismissal at this stage. The issue is whether the false statement was capable of influencing the tribunal. See United States v. Finucan, 708 F.2d 838, 848 (1st Cir. 1983). This is a "broad test," id., and another question that should be answered at trial.

Finally, because Count II of the superseding indictment does not name the controlled substance whose distribution he is accused of facilitating, defendant argues it must be dismissed. He cites United States v. Hinkle, 637 F.2d 1154, 1158 (7th Cir. 1981), which laid out such a rule. But other courts have held that Hinkle is not "an inflexible test of the sufficiency of an indictment charging a violation of 21 U.S.C. § 843(b)." United States v. Adams, 759 F.2d 1099, 1117 (3d Cir. 1985); see also United

States v. Zavala, 839 F.2d 523, 526 (9th Cir. 1988); United States v. Keck, 773 F.2d 759 (7th Cir.1985

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).  21 U.S.C. § 843(b) states: "It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II." The superseding indictment charges that "[o]n or about July 10, 2019, in the District of Massachusetts, the defendant, Jason Jimenez, knowingly and intentionally used a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of an act and acts constituting a felony under Title 21, United States Code, Section 846, that is, conspiracy to distribute a controlled substance." The indictment thus closely tracks the statute's terms and gave sufficient notice of the charges defendant must meet.

The Motion to Dismiss (Docket # 86) is DENIED.

December 8, 2020
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE